UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN L. STANLEY and LORETTA CLUNE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>INTERINVEST CORPORATION, INC., )<br>DR. HANS P. BLACK, STANLEY T. SCHMIDT, )<br>and ALEXANDER R. BLACK, )<br>)<br>Defendants. | CIVIL ACTION No. 16-12647-DPW |

**REPORT AND RECOMMENDATION REGARDING
"ORDINARY LIVING EXPENSES" ALLOWED BY PRELIMINARY INJUNCTION**

July 17, 2017

DEIN, U.S.M.J.

### I. INTRODUCTION

The plaintiffs brought this action alleging that the defendants, acting as investment advisors, misappropriated and improperly invested substantial funds with which they had been entrusted by the plaintiffs. On April 3, 2017, after a hearing, the District Judge entered a preliminary injunction which provided, in relevant part, as follows:

> Defendant Alexander Black is enjoined from conveying, transferring, alienating, selling, hypothecating, encumbering, or in any manner disposing of any interest which he owns directly or indirectly in any real property and/or in any personal property, including but not limited to the property located at 141 Highbank Road, South Yarmouth, Massachusetts, **except for ordinary living expenses up to a reasonable amount per month**, without the prior approval of this Court[.]

(Docket No. 82 at ¶ 3, emphasis added). This matter has been referred to this court for a Report and Recommendation regarding a determination of "ordinary living expenses" to be incorporated into the above-quoted provision of the preliminary injunction. (Docket No. 91).

Efforts by the parties to reach an agreement as to the appropriate amount and scope of living expenses proved unsuccessful.  Consequently, this court held an evidentiary hearing on July 10, 2017.  The defendant, Alexander Black, testified and was cross-examined by plaintiffs' counsel.  Mr. Black produced some documentation supporting his claim of income and expenses, but it was far from complete.  On the other hand, while the defendant had been ordered "to provide the plaintiffs with documentation regarding his living expenses" (Docket No. 95), the plaintiffs had not subpoenaed any documents or served any formal document requests.  As a result, while Mr. Black's testimony was not persuasive in many respects, countervailing facts were not introduced.  Thus, the court was left with very little actual information as to the ordinary living expenses for which Mr. Black was responsible, or the sources of funds available to pay those expenses.

A pre-trial conference in this case is scheduled for September 26, 2017.  In the absence of any agreement, Mr. Black has been paying living expenses, but has not been obligated to, and has not provided, an accounting as to the amounts expended.  The parties disagree as to whether his payments to date, without an agreement as to the maximum amount, violate the injunction.  However, that issue has not been directly presented to the court and does not need to be resolved at this time.  It is important, however, that parameters be set for future expenditures pending a final resolution of this case.

The plaintiffs have taken the position that they do not care which particular expenses are paid, and that they do not need any particular bills to be paid in order to preserve assets.  However, Mr. Black did identify a brokerage account with First Fire Capital LLC, which contains approximately $65,000.  That account is subject to the preliminary injunction, and this court has

premised its Recommendation on the assumption that the account will not be used to pay the ordinary living expenses authorized herein, and will be available in the event that the plaintiffs prevail in this action.

Therefore, and for the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned:

1. that Alexander Black be permitted to pay ordinary living expenses in an amount not to exceed $3,800.00 per month,[1]

2. that he be obligated to provide a verified monthly accounting of such payments;

3. that the funds in the First Fire Capital LLC account remain subject to the preliminary injunction and not be used during the pendency of the injunction;

4. that Alexander Black be ordered to produce copies of the financial information he and his wife provided to the bank in connection with obtaining a mortgage on their current residence; and

5. that this order be without prejudice to the plaintiffs seeking a modification if the financial information provided in connection with the previous paragraph is not substantially consistent with the information provided during the July 10, 2017 evidentiary hearing in this case.

---

[1] This amount is slightly lower than the amount this court estimated at the conclusion of the evidentiary hearing. It is based on a more detailed review of the evidence.

## II. STATEMENT OF FACTS

### Procedural Background

Plaintiffs commenced this action on December 30, 2016, and received *ex parte* trustee process attachments on that day. (Docket Nos. 1, 10-27). On April 3, 2017, after hearing, the District Judge entered the preliminary injunction quoted above, and requested that the parties submit a schedule for expedited discovery. (Docket Nos. 81, 82). On April 24, 2017, the District Judge entered a scheduling order, which provided for the completion of fact discovery by June 12, 2017. (Docket No. 90). In addition, he referred this matter to this Magistrate Judge for a Report and Recommendation regarding a determination of "ordinary living expenses" to be incorporated into the above-quoted provision of the preliminary injunction. (Docket No. 91). As of that date, the plaintiffs had offered to agree to $1,230 in expenses per month, and Mr. Black proposed that he be allowed to spend $5,000 per month. (See Docket Nos. 84 and 85).

This court held a hearing with counsel on May 2, 2017, at which time the parties requested that the matter be continued so that the defendant could produce documents and the parties could explore the possibility of an agreement. (See Docket No. 96). When status reports ordered by this court established that no agreement had been reached, this court held another hearing on June 8, 2017. (See Docket Nos. 101, 106-109). At that hearing, it appeared that an agreement again had been reached, and the plaintiff was directed to submit a proposed order reflecting that agreement. (See Docket No. 113). A telephone conference was held on June 19, 2017 to address an issue that had arisen which was preventing agreement. (Docket No. 114). When, despite these efforts, no agreement was consummated, this court held an evidentiary hearing on July 10, 2017, at which time Alexander Black testified and was subject to

cross-examination. (Docket Nos. 115, 125). While all this was going on, at the request of the parties the pre-trial schedule was continued. The current case schedule provides for fact discovery to be completed by August 11, 2017, expert discovery to be completed by September 15, 2017, and for a pre-trial conference to be held before the District Judge on September 26, 2017. (See Docket Nos. 120, 121).

## Facts Relating to Ordinary Living Expenses

As part of their negotiations, the plaintiffs requested that the defendant complete a form required by the Trial Court of the Commonwealth of Massachusetts Probate and Family Court. (See Docket No. 94 at 4). Mr. Black did so, although many of the figures appear to be approximations. (See Docket No. 107-1; Ex. 7[2]). The form is signed under the pains and penalties of perjury. (Id.). In addition, Mr. Black provided some documentation of income and expenses. (See Docket No. 107-2). Some documents were marked as exhibits by both the plaintiffs and the defendant during the evidentiary hearing on July 10, 2017. However, it does not appear that the plaintiffs have sought discovery from third parties. Similarly, it does not appear that the plaintiffs have served any formal discovery requests.

Based on this record, and the testimony of Alexander Black, this court finds as follows.

1. Alexander Black is married to Margaret Black, and they have one child who is approximately 2 years old.

2. Mr. Black and wife both work, and appear to have earned approximately the same amount of income during the past few years. In their 2015 federal tax returns they reported

---

[2] Citations to exhibits are to the exhibits introduced at the evidentiary hearing, unless otherwise indicated.

joint taxable income of $102,774.00. (Ex. 5). In 2014 they reported joint taxable income of $120,494.00. (Ex. 6). They had not filed their 2016 income tax forms as of the date of the evidentiary hearing.

3. Margaret Black has an interest in the Hudson Family LLC, an investment limited partnership managed by her father. It appears that her father has discretion over distributions, but the parameters of the LLC were not fully developed at the hearing. While the plaintiffs contend that the LLC is available to pay the Black family's living expenses, there is no evidence that Ms. Black has the right to any set amount of distributions from the LLC.

4. Alexander and Margaret Black bought a home in Baltimore, Maryland in December 2016 to live near Ms. Black's parents. Mr. Black testified that the house cost $545,000.00 (see Ex. 4) and they have a mortgage on the house in the principal amount of approximately $446,650,000. (Ex. 2).

5. According to the Financial Form submitted by Mr. Black (Docket No. 107-1, Ex. 7), and the testimony and exhibits (see Exs. 2 &3) at the evidentiary hearing, the Black family's monthly expenses are as follows:[3]

| | |
|---|---|
| Mortgage | $2,074.76 |
| Home real estate taxes | $1,202.81 |
| Homeowners insurance | $ 227.75 |
| Oil heat | $ 202.48 |
| Car insurance | $ 215.41  (Alexander) |

---

[3] Expenses marked with an asterisk are not supported by any documentation, and some of the supporting documents reflect expenses that are not identical to the amounts listed in the financial form. The court has taken the figures from the financial form.

| | | |
|---|---|---|
| Car loan | $ 232.91 | (Alexander) |
| Car expenses* | $ 50.00 | (Margaret) |
| Car payment | $ 326.00 | (Margaret) |
| Food* | $ 850.00 | |
| Maintenance & repair* | $ 150.00 | |
| Electricity | $ 137.00 | |
| Telephone | $ 181.00 | |
| Water/Sewer | $ 112.00 | |
| House supplies* | $ 100.00 | |
| Laundry & Cleaning* | $ 100.00 | |
| Uninsured medicals Including dental work | $ 500.00 | |
| Child care* | $ 800.00 | |
| Student loan | <u>$ 214.00 (Margaret)</u> | |
| | $7,676.12 | |

6. While Mr. Black contends that certain of the more significant expenses, such as the mortgage, real estate taxes and the like, are his responsibility as opposed to his wife's, there does not seem to be any basis for such a division.

7. Over the years it seems that Margaret Black has had a steadier income than Mr. Black, although they appear to earn approximately the same amount when they are both working.  At present, it is impossible to determine how much Mr. Black is earning.  Based on the present record this court finds it more appropriate to assume that the spouses' incomes are combined and the expenses are divided evenly between them.  Therefore, giving Mr. Black full

[7]

credit for his itemization, despite lack of support for some of the figures, his portion of the monthly expenses comes to $3,838.06.

8.  The plaintiffs ask this court to assume that the Black family's expenses can be paid by Ms. Black's parents or her family LLC.  As an initial matter, this court was not asked to determine the sources of payment of the monthly expenses, but rather to assess a reasonable amount of those expenses which can be paid under the injunction.  Furthermore, there is no evidence that Ms. Black's parents have any obligation to pay any of these expenses.  Nor is there any evidence that Ms. Black is entitled to any amount of distribution from the LLC.  Perhaps this evidence will be disclosed in discovery.  For present purposes, however, this court has not considered the potential contribution by Ms. Black's parents or the LLC.

9.  As noted above, this court is unable to determine the amount of the family's current income.  Mr. Black testified that he earns income from various sources, including accounting work, investment management fees, and financial planning services.  There is no evidence that the combined income of Mr. and Ms. Black is insufficient to pay their monthly expenses.

10.  Mr. Black testified that there is approximately $65,000 in an account known as First Fire Capital LLC.  There is no evidence before this court that these funds are needed to pay the monthly expenses.  These funds are subject to the preliminary injunction.  This court recommends that it be made clear that these funds should not be used during the pendency of the preliminary injunction.

11.  The parties have been in frequent communication about the need for Mr. Black to support his income and expense figures.  At the evidentiary hearing Mr. Black testified that he had submitted a mortgage loan application, along with supporting documentation, in

connection with the 2016 purchase of the home in Baltimore.  That information has not been produced in this litigation.  Given the lack of documentary support for much of Mr. Black's testimony, this court recommends that these documents be ordered produced, and that the plaintiff be given the opportunity to seek a modification of the injunction if the information provided to the bank differs significantly from Mr. Black's testimony.[4]

12.  Mr. Black has requested that he be permitted to pay monthly legal expenses.  However, there is no evidence in the record as to the amount of such expenses.  Moreover, counsel has secured the payment of expenses by a mortgage on real property, a summer home, owned by Highbank Properties, Inc.  The issue whether that property is available to satisfy any judgment the plaintiffs may obtain is in dispute.  In light of the security for legal fees, however, this court has not added any monthly obligation for the payment of such fees.

### III.  RECOMMENDATION

Therefore, and for the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned

1.  that Alexander Black be permitted to pay ordinary living expenses in an amount not to exceed $3,800.00 per month,

---

[4] Relying on bankruptcy law, the parties proceeded on the assumption that Mr. Black had the burden of proving his reasonably necessary monthly living expenses.  See In re Dolan, 256 B.R. 230, 238 (D. Mass. 2000); In re Savage, 311 B.R. 835, 840 (B.A.P. 1st Cir. 2004).  In light of this agreement, the court will assume, arguendo, that the defendant had the burden of proof.  While the plaintiffs argue that Mr. Black has not met his burden, this court finds that he did submit a verified financial statement and that the listed expenses are not obviously inaccurate.  Thus, any objection would go to the weight of the evidence.  For their part, the plaintiffs have not seriously challenged any of the figures, or provided the court with other evidence which would call the accuracy of the figures into question.

2. that Alexander Black be obligated to provide a verified monthly accounting of such payments;

3. that the funds in the First Fire Capital LLC account remain subject to the preliminary injunction and not be used during the pendency of the injunction;

4. that Alexander Black be ordered to produce copies of the financial information he and his wife provided to the bank in connection with obtaining a mortgage on their current residence; and

5. that this order be without prejudice to the plaintiffs seeking a modification if the financial information provided in connection with the previous paragraph is not consistent with the information provided during the July 10, 2017 evidentiary hearing in this case.[5]

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[5] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).